UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| O'HAGIE CORBITT, ) | |
|   Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-2188 |
| ) | |
| P. WEBB, et. al., ) | |
|   Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims Defendants Sergeant P. Webb, Maintenance Supervisor Story, and Illinois Department of Corrections (IDOC) Director Rob Jeffreys violated his constitutional rights at Danville Correctional Center. Plaintiff's claims center on the way the Correctional Center responded to the COVID-19 pandemic and his living conditions.

Plaintiff states he believes correctional officers were advised to follow the Center for Disease Control and Prevention (CDC) guidelines and therefore officers were instructed not to participate in large gatherings. Officers were also advised to wear

1

their masks, wash their hands frequently, and report contact with anyone who had tested positive for COVID-19.

Nonetheless, Defendant Sergeant Webb posted a video on Facebook showing he was at a large gathering with no masks called a "COVID party" between September and December of 2020.  The officer did not report his conduct and did not wear a mask when he was near Plaintiff or other inmates.  Defendant Webb at some point tested positive for COVID and Plaintiff says shortly after several inmates also tested positive.  Plaintiff says internal affairs officers investigated the reports of a COVID party, but it is unclear if any officers, including Defendant Webb, were disciplined.

Plaintiff developed symptoms including back pains, headaches, body aches, shortness of breath, and an inability to sleep Plaintiff ultimately tested positive for COVID in mid-December of 2020.  Plaintiff claims he still suffers with some of these symptoms.

Plaintiff alleges Defendant Webb's conduct demonstrates he was deliberately indifferent to the health and safety of Plaintiff in violation of his Eighth Amendment rights.   The Court notes given the ease of transmitting COVID-19, it is unlikely Plaintiff can demonstrate one officer was directly responsible for Plaintiff contracting the disease. Nonetheless, for the purposes of notice pleading, it may be possible Plaintiff could demonstrate the Defendant was deliberately indifferent to the health and safety of inmates including Plaintiff.

Plaintiff also maintains IDOC Director Jeffreys failed to implement meaningful policies to protect prisoners during the pandemic.  Plaintiff claims there was a lack of

personal protective equipment, cleaning supplies, and medical staff.  In addition, correctional staff did not wear masks or practice social distancing.

However, Plaintiff contradicts this claim in his complaint.  Plaintiff also alleges IDOC did have policies and did provide "each and every correctional officer" with a memorandum explaining those policies. (Comp., p. 7).  Therefore, Plaintiff has not articulated a claim against the IDOC Director.  Perhaps Plaintiff's facility did not enforce those policies, but Plaintiff has not adequately alleged the IDOC Director was directly involved, nor has he articulated an official capacity claim.

Plaintiff next alleges he was moved to a different housing unit after his COVID diagnosis.  Plaintiff's cell had a broken window which allowed in the freezing cold winter air.  Plaintiff says Maintenance Supervisor Story received numerous complaints from both inmates and officers, but he did not address the problem.  In addition, the heat and ventilation system did not work effectively due to a build-up of dirt and dust, but Defendant Story failed to clean it.

Plaintiff says he suffered in the cold cell with finger numbness, discomfort, headaches, sleep deprivation, etc.  Plaintiff also claims his cell "was found to be condemned by the administration," but he does not explain this statement further. (Comp., p. 13).

Plaintiff says Defendant Story violated his Eighth Amendment rights based on his living conditions during this time.  Plaintiff has adequately stated a constitutional violation.

However, Plaintiff cannot combine his claim alleging Defendant Webb violated his Eighth Amendment rights based on a deliberate indifference to health and safety with his claim alleging Defendant Story violated his Eighth Amendment rights based on his cold cell.  Unrelated claims against different defendants cannot be combined in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").  Plaintiff may still pursue each claim, but he must file separate lawsuits and pay separate filing fees.

The Court could divide each claim into different lawsuits now. However, the Court will first allow Plaintiff the opportunity to decide which claim he wishes to pursue in this lawsuit and whether or not he wants to file a second lawsuit.   Therefore, Plaintiff will be given additional time to file an amended complaint clearly stating the claim he wishes to pursue in this case.

Plaintiff has also filed a motion for appointment of counsel. [4]. The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case.  In considering the Plaintiff's motion, the Court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or

received. "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Plaintiff's motion is therefore denied with leave to renew. [4].

Finally, while Plaintiff was incarcerated when he filed his complaint, he has been released from custody. [7]. Therefore, Plaintiff must file an updated motion for leave to proceed *in forma pauperis* (IFP) with his current financial information.

IT IS THEREFORE ORDERED:

1) Based on its review of Plaintiff's complaint, Plaintiff has failed to articulate a claim upon which relief can be granted against Defendant Jeffreys and therefore the Clerk is directed to dismiss this Defendant.

2) Plaintiff has stated separate and unrelated claims against the two remaining Defendants. Therefore, Plaintiff may not proceed with his claim against Defendant Webb and Defendant Story in the same complaint. Plaintiff must file an amended complaint within 21 days or on or before December 13, 2021 clarifying which claim he would like to pursue. His amended complaint must stand complete on its own and must not refer to his previous complaint.

3) If Plaintiff fails to respond within 21 days, the Court will divide the two claims into two lawsuits and Plaintiff will be responsible for a second filing fee.

4) Plaintiff must provide a new IFP form based on his release from custody. The Court will provide Plaintiff with a copy of the form which must be completed and submitted to the Court within 21 days or on or before December 13, 2021.

5) Plaintiff's motion for appointment of counsel is denied with leave to renew. [4].

6) The Clerk of the Court is to provide Plaintiff with a new complaint form and a non-prisoner IFP form. The Clerk is also directed to reset the internal merit review deadline within 30 days.

ENTERED this 19th day of November, 2021.

                s/James. E. Shadid
                _____
                JAMES E. SHADID
                UNITED STATES DISTRICT JUDGE